(51 Misc. 629)

### PASCAL et al. v. GOLDSTEIN et al.

(Supreme Court, Appellate Term. November 14, 1906.)

1. SALES—REMEDIES OF BUYER—COUNTERCLAIM IN ACTION FOR PRICE.

In an action for the price of goods, where the answer set up a counterclaim for fraud and false representations by the seller as to their quality, the defendant may rely on a breach of an implied warranty of the quality.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, § 1248.]

2. SAME—IMPLIED WARRANTY.

Where the seller of goods is not the manufacturer, there is no implied warranty of their quality.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, §§ 754, 755.]

3. SAME—SALE BY SAMPLE—EVIDENCE.

The exhibition of a sample to the purchaser at the time of the sale does not make a sale by sample, in the absence of a showing that the parties contracted solely with reference to the sample, or that they mutually understood that the bulk of the commodity should correspond with it.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, § 188.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Sigmund Pascal and another against Abe S. Goldstein and another. From a judgment in favor of defendants, plaintiffs appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

William S. Maddox, for appellants.

Marx & Miller, for respondents.

DOWLING, J. Plaintiffs sue to recover $265.17, the purchase price of certain goods sold and delivered to defendants, consisting of Panama

cloths. Defendants by answer interposed a counterclaim for $300 for damages sustained by them by reason of the inferior quality and defective condition of the cloth sold. The answer set up the following facts. Plaintiffs were engaged in business as manufacturers and dealers in cloth, which they sold to manufacturers of skirts and suits, in which business the defendants were engaged. They represented to defendants that they had on hand and were dealing in certain kinds of cloths which were first-class articles for use in defendants' business, and which they could manufacture into skirts, and requested defendants to purchase same of them. Defendants, relying on such statements, purchased from them the cloths in question and manufactured them into skirts. Thereafter, after the sale of the skirts to various customers of defendants, the latter discovered that the cloth was damaged, of inferior quality, rotten, and unfit for any purpose. Defendants charge that plaintiffs knew of the defect and damage, and of the inferior quality of the cloths, but concealed same from defendants, who could not tell of such condition from an inspection of the goods, as the defects were latent. All of the skirts made from said cloth sold were returned to defendants, who have not been able to sell any of the goods in question, to their damage in the sum claimed.

While the answer upon its face sets up a counterclaim for false representation and fraud, no testimony is to be found in the case supporting these allegations, and a judgment finding fraud in the making of representations as to the quality and condition of the goods would have to be set aside, as without proof to support it. It has been held, however, in Bierman v. City Mills Co., 151 N. Y. 488, 45 N. E. 856, 37 L. R. A. 799, 56 Am. St. Rep. 635, upon a precisely similar pleading to the one in question, that by a liberal construction the pleading contained a sufficient cause of action for the recovery of damages for the breach of an implied warranty that the goods sold were fit for the business of the aggrieved party in the manufacture of the goods dealt in by them, and that they were merchantable and free from any remarkable defect. In that case, as in this, no custom was proven that such sales were usually attended with a warranty. But the Bierman Case was expressly decided upon the proposition that, the seller being the manufacturer of the article sold, and the contract being executory in its nature and for the delivery of something of a particular kind, there was the implied warranty that the article to be delivered should be merchantable and free from any remarkable defect. To the same effect are the cases of Kellogg Bridge Co. v. Hamilton, 110 U. S. 108, 3 Sup. Ct. 537, 28 L. Ed. 86, and Carleton v. Lombard, 149 N. Y. 137, 43 N. E. 422. In the case at bar, there is no proof that plaintiffs were the manufacturers of the goods sold, and the doctrine of an implied warranty does not apply. There is, furthermore, no testimony of any express warranty.

Nor is this a case of a sale by sample. Every exhibition of a sample to the purchaser at the time of sale does not, per se, make a sale by sample. There must be, Chancellor Walworth says, an agreement to sell by sample, or at least an understanding of the parties that the sale is to be a sale by sample. Waring v. Mason, 18 Wend. 434.

"The mere exhibition of a sample at the sale amounts only to a representation that the sample exhibited has been taken from the bulk of the commodity offered for sale in the usual way." Hargous v. Stone, 5 N. Y. 73; Beirne v. Dord, 5 N. Y. 99, 55 Am. Dec. 321. To authorize the finding that a sale was by sample, "the evidence must satisfactorily show that the parties contracted solely in reference to the sample exhibited; that they mutually understood that they were dealing with the sample as an agreement or understanding that the bulk of the commodity corresponded with it; or, in other words, the evidence must be such as to authorize the jury, under all the circumstances of the case, to find that the sale was intended by the parties as a sale by sample." Henry & Co. v. Talcott, 175 N. Y. 385, 67 N. E. 617. In this case, defendants did not retain the alleged sample, nor is there even proof that the goods delivered did not correspond with the sample. There being no evidence either of an express warranty or a sale by sample, and this not being a case where upon the facts proved the law implies a warranty, the judgment in favor of the defendants upon their counterclaim must be reversed, and a new trial ordered, with costs to appellants to abide the event.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.