### WHITMAN et al. v. JACOBSON et al.

(Supreme Court, Appellate Term. November 12, 1909.)

1. SALES (§§ 266, 272*)—IMPLIED WARRANTY.

   The sellers of goods, not being the manufacturers thereof, there was no implied warranty that they were merchantable and free from latent defects.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 746, 747, 755; Dec. Dig. §§ 266, 272.*]

2. PRINCIPAL AND AGENT (§ 104*)—AUTHORITY OF AGENT TO WARRANT.

   To hold one for any express warranty by his salesman of the quality of goods sold, the salesman must be shown to have had authority to make such warranty.

   [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 294–297; Dec. Dig. § 104.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by William Whitman and others against Louis Jacobson and another. From a judgment for defendants, plaintiffs appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY, and LEHMAN, JJ.

Hyman & Campbell (Howard E. Brown, of counsel), for appellants. J. Sidney Bernstein, for respondents.

SEABURY, J. The plaintiffs sued to recover the agreed price of merchandise sold by them to the defendants. The answer admits the allegations of the complaint and pleads a counterclaim for damages for

breach of warranty of quality of the goods. The court below sustained the counterclaim, and fixed the damages for breach of warranty at an amount equal to the purchase price of the cloth.

There was no evidence in the case to show that the plaintiffs were the manufacturers of the goods sold, and it follows, therefore, that there was no implied warranty that the goods were merchantable and free from latent defects. The question of an express warranty is not presented for decision, as there was no evidence that the salesman had authority to warrant the quality of the goods sold. The opinion of Mr. Justice Dowling in Pascal v. Goldstein, 51 Misc. Rep. 629, 100 N. Y. Supp. 1025, makes further discussion of the questions presented by this appeal unnecessary.

The judgment is reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.